IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AARON CURTIS AHERN**, | Case No. 23-cv-1042-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **JEFFERSON COUNTY, CITY OF MADRAS, STATE OF OREGON**, and **UNITED STATES FOREST SERVICE,** | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Aaron Ahern is a self-represented, or *pro se*, litigant who brings this case against one federal defendant, the United States Forest Service (United States),[1] and three state defendants, the State of Oregon, Jefferson County, and the City of Madras (collectively, the State Defendants). Plaintiff asserts state law tort claims against all defendants. Plaintiff's Amended Complaint seeks compensatory and "moral" damages of $12.5 million and treble damages in

---

[1] Counsel for the United States correctly points out that although Plaintiff named as a defendant the United States Forest Service, the United States is the only proper defendant for claims under the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b)(1) and 2679(a)-(b)(1). The Court refers to the United States in the following discussion.

PAGE 1 – ORDER

accordance with Oregon Revised Statutes § 646.780. The United States removed the case to this Court. All defendants have filed separate motions to dismiss Plaintiff's claims. Plaintiff also has filed various motions. For the reasons discussed below, the Court grants the United States' motion to dismiss. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims and remands this case to state court.

Plaintiff filed his Complaint in Jefferson County Circuit Court on December 30, 2022. Plaintiff's initial Complaint alleged claims for age and disability discrimination, identity theft, false imprisonment, malicious prosecution, and fraudulent misrepresentations. On June 27, 2023, Plaintiff filed his Amended Complaint in Jefferson County Circuit Court, alleging claims only for false imprisonment, mental anguish or severe emotional and psychological distress, invasion of privacy, and breach of fiduciary duty. Plaintiff named as defendants the United States, the State of Oregon, Jefferson County, and the City of Madras. The United States removed Plaintiff's action from Jefferson County to federal district court under 28 U.S.C. § 1442.

The United States has moved to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that this Court lacks subject matter jurisdiction.[2] The United States raises the derivative jurisdiction doctrine. The derivative jurisdiction doctrine provides that when an action is removed from state court to a federal district court, the removal jurisdiction of the district court is "entirely derivative of that of the state court" from which the action was removed. *Aminoil U.S.A., Inc. v. California State Water Res. Control Bd.*, 674 F.2d 1227, 1232 (9th Cir. 1982). "Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a suit originally brought in a federal court it would have

---

[2] The United States moves in the alternative under Rule 12(b)(6), arguing that Plaintiff fails to state a claim. Because the Court concludes that it does not have subject matter jurisdiction, the Court does not reach the United States' alternative argument.

had jurisdiction." *State of Minnesota v. United States*, 305 U.S. 382, 389 (1939). Although Congress has "abolished that doctrine with respect to the general removal statute," the Ninth Circuit holds that derivative jurisdiction applies to the federal officer removal statute. *Rodriguez v. United States*, 788 F. App'x 535, 536 (9th Cir. 2019) (citing *Cox v. U.S. Dept. of Agriculture*, 800 F.3d 1031, 1032 (9th Cir. 2015) (per curiam)); *see also In re Elko Cnty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997) ("[W]e note that because this case was removed from state court pursuant to § 1442, our jurisdiction is derivative of the state court's jurisdiction.").

Plaintiff asserts tort claims against the United States. Through the Federal Tort Claims Act (FTCA), "the United States waives sovereign immunity for certain tort claims against the United States." *Quintero Perez v. United States*, 8 F.4th 1095, 1101 (9th Cir. 2021) (citing 28 U.S.C. §§ 1346(b)(1), 2674, 2680(h)). Federal courts have exclusive jurisdiction over tort actions brought against the United States under the FTCA. 28 U.S.C. § 1346(b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages [based on tort]."); *cf. United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009) (noting that the FTCA "contain[s] an independent conferral of jurisdiction" exclusively to federal district courts).

The United States removed this action from Jefferson County Circuit Court under the federal officer removal statute, 28 U.S.C. § 1442. As a result, this Court's jurisdiction derives from the jurisdiction of the Jefferson County court. *See In re Elko Cnty. Grand Jury*, 109 F.3d at 555. Because FTCA claims must be heard in federal court, the Jefferson County Circuit Court lacked jurisdiction to hear claims against the United States under the FTCA; thus, this Court also lacks jurisdiction to hear Plaintiff's tort claims against the United States. The Court therefore dismisses Plaintiff's claims against the United States.

The remaining defendants in this action are the State Defendants. Plaintiff brings only state-law claims in his Amended Complaint. This Court's jurisdiction is based on the presence of the removing federal defendant, the United States. This Order disposes of Plaintiff's claims against the removing defendant. A district court may decline to exercise supplemental jurisdiction over state-law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). No other defendant seeks to invoke this Court's jurisdiction over any remaining claim. Thus, it is appropriate to remand the remaining state law claims against the remaining State Defendants to state court. *See, e.g.*, *Hassel v. DHCS Medi-Cal Prog. Beneficiary Servs.*, 2015 WL 4940833, at *6 (N.D. Cal. Aug. 19, 2015) ("The federal defendants removed this action on the basis that plaintiff's claims against the federal defendants permitted removal under 28 U.S.C. section 1442(a)(1). . . . This Order disposes of plaintiff's claims against the removing defendants—the federal defendants—entirely, and no other party has sought to invoke this Court's jurisdiction over any remaining claims. Remand is justified on this basis alone.").

Additionally, when a district court dismisses all federal claims before trial, "the balance of the factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc); *see, e.g., Crane v. Allen*, 2012 WL 602432, at *10 (D. Or. Feb. 22, 2012) ("Having resolved all claims over which it had original jurisdiction, this court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.").

Further, the factors of judicial economy, convenience, and fairness weigh in favor of this Court declining to exercise supplemental jurisdiction. State court is a convenient forum for the parties, was Plaintiff's original choice of forum, and removes potential issues of sovereign immunity with respect to defendant State of Oregon. Additionally, declining to exercise supplemental jurisdiction respects the values of federalism and comity. There is no purpose to be served by this Court exercising supplemental jurisdiction over the state-law claims, and the Court declines to do so. Accordingly, Plaintiff's state-law claims against the State of Oregon, Jefferson County, and City of Madras are remanded for consideration by the appropriate state court.[3]

The Court GRANTS Defendant United States' motion to dismiss. ECF 5. The Court DISMISSES Plaintiff's claims against Defendant United States, without prejudice but without leave to amend in this case. The Court declines to exercise jurisdiction over Plaintiff's state-law claims against the remaining defendants, State of Oregon, Jefferson County, and City of Madras, and REMANDS Plaintiff's remaining claims and all pending motions to state court. The Clerk of the Court is directed to return this case to the Jefferson County Circuit Court.

**IT IS SO ORDERED**.

DATED this 3rd day of November, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[3] The Court remands the State Defendants' motions to dismiss and all other unresolved motions to the state court for consideration based on applicable state law standards.

PAGE 5 – ORDER